**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **Effectively Illuminated Pathways LLC,** | **Civil Action No. _____** |
| **Plaintiff,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **UnbeatableSale.com, Inc.;** | |
| **Bulbs.com;** | |
| **TCP, Inc.;** | |
| **Super Bright LEDs Inc.;** | |
| **Amazon.com, Inc.;** | |
| **Bulbrite Industries, Inc.;** | |
| **Sears Holdings Corporation;** | |
| **Osram Sylvania, Inc.;** | |
| **Feit Electric Company, Inc.;** | |
| **Geosis Corporation;** | |
| **The Home Depot, Inc.;** | |
| **Lowe's Companies, Inc.;** | |
| **Wal-Mart Stores, Inc.; and** | |
| **Toshiba International Corporation.** | |
| **Defendants.** | |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Effectively Illuminated Pathways LLC ("EIP") alleges as follows:

### **PARTIES**

1.     EIP is a Texas limited liability company having a principal place of business at 2500 Dallas Parkway, Suite 260, Plano, TX 75093.

2.     On information and belief, UnbeatableSale.com ("Unbeatablesale.com") is a New Jersey corporation with its principal place of business at 195 Lehigh Avenue, Suite 5, Lakewood, New Jersey 08701.

3.     On information and belief, Bulbs.com ("Bulbs.com") is a Massachusetts corporation with its principal place of business at 243 Stafford Street, Worcester, Massachusetts 01603.

4.     On information and belief, TCP, Inc. ("TCP") is an Ohio corporation with its principal place of business at 325 Campus Drive, Aurora, Ohio 44202.

5.     On information and belief, Super Bright LEDs, Inc. ("Super Bright") is a Missouri corporation with its principal place of business at 4400 Earth City Expressway, St. Louis, Missouri 63045.

6.     On information and belief, Amazon.com, Inc. ("Amazon") is a Washington corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

7.     On information and belief, Bulbrite Industries, Inc. ("Bulbrite") is a New Jersey corporation with its principal place of business at 145 West Commercial Avenue, Moonachie, New Jersey 07074.

8.     On information and belief, Sears Holdings Corporation ("Sears") is an Illinois corporation with its principal place of business at 3333 Beverly Road, Hoddman Estates, Illinois 60179.

9.     On information and belief, Defendant Osram Sylvania, Inc. ("Osram Sylvania") is a Delaware corporation with its principal place of business at 100 Endicott Street, Danvers, Massachusetts 01923.

10.     On information and belief, Defendant Feit Electric Company, Inc. ("Feit") is a California corporation with its principal place of business at 4901 Gregg Road, Pico Rivera, California 90660.

11.     On information and belief, Defendant Geosis Corporation ("Geosis") is a California corporation with its principal place of business at 1126 Yosemite Drive, Milpitas, California 95035.

12.     On information and belief, Defendant The Home Depot, Inc. ("Home Depot") a Delaware corporation with its principal place of business at 2455 Paces Ferry Road Northwest, Atlanta, Georgia 30339.

13.     On information and belief, Defendant Lowe's Companies, Inc. ("Lowe's") a North Carolina corporation with its principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117.

14.     On information and belief, Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is a Delaware corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

15.     On information and belief, Defendant Toshiba International Corporation ("Toshiba") is a California corporation with its principal place of business at 13131 West Little York Road, Houston, Texas 77041.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b).  On information and belief, each defendant is subject to personal jurisdiction in this district, has committed or induced acts of patent infringement in this district, or has a regular and established place of business in this district.

18.     On information and belief, each defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process or the Texas Long Arm Statute, due at least to its substantial business in this forum, including:  (i) at least a portion of the infringements alleged herein; or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,580,228

19.     EIP is the owner by assignment of United States Patent No. 6,580,228 ("the '228 patent"), entitled "Flexible Substrate Mounted Solid-State Light Sources for Use in Line Current

Lamp Sockets." The '228 patent issued on June 17, 2003. A true and correct copy of the '228 patent is attached as Exhibit A.

20.     On information and belief, Unbeatablesale.com has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing LED light bulbs.

21.     On information and belief, Bulbs.com has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing LED light bulbs.

22.     On information and belief, TCP has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing LED light bulbs.

23.     On information and belief, Super Bright has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell, or importing LED light bulbs.

24.     On information and belief, Amazon has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

25.     On information and belief, Bulbrite has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

26.     On information and belief, Sears has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

27.     On information and belief, Osram Sylvania has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

28.     On information and belief, Feit has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

29.     On information and belief, Geosis has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

30.     On information and belief, Home Depot has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

31.     On information and belief, Lowe's has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

32.     On information and belief, Wal-Mart has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent,

literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

33.     On information and belief, Toshiba has infringed, has contributed to the infringement of, or has induced the infringement of, one or more claims of the '228 patent, literally or under the doctrine of equivalents, by making, using, selling, offering to sell or importing LED light bulbs.

34.     On information and belief, each defendant's infringement of the '228 patent has been and continues to be willful.

35.     As a result of each defendant's infringement of the '228 patent, EIP has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

36.     Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '228 patent, EIP will suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, EIP respectfully requests that this Court enter:

A.     A judgment that each defendant has infringed the '228 patent;

B.     A judgment that such infringement has been willful;

C.     A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with it from infringing, inducing the infringement of, or contributing to the infringement of the '228 patent;

D.     A judgment and order requiring each defendant to pay to EIP its damages, costs, expenses, and prejudgment and post-judgment interest for each defendants' infringement of the '228 patent as provided under 35 U.S.C. § 284;

E.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to EIP its reasonable attorneys' fees; and

F.      Any and all other relief to which EIP may show itself to be entitled.

## DEMAND FOR JURY TRIAL

EIP demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 15, 2010

By:  /s/ *Andrew W. Spangler*
Andrew W. Spangler
Texas State Bar No. 24041960
SPANGLER LAW P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903-753-9300
Facsimile:  903-553-0403
Email: spangler@spanglerlawpc.com

Marc A. Fenster—LEAD ATTORNEY
California State Bar No. 181067
E-mail: mfenster@raklaw.com
Bruce D. Kuyper
California State Bar No. 144969
Email: bkuyper@raklaw.com
Adam Hoffman
California State Bar No. 218740
Email: ahoffman@raklaw.com
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:  310-826-7474
Facsimile:  310-826-6991

Attorneys for Plaintiff,
Effectively Illuminated Pathways LLC