# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| EFFECTIVELY ILLUMINATED PATHWAYS, LLC, §<br><br>Plaintiff,<br><br>v.<br><br>UNBEATABLESALE.COM , INC., ET AL.,<br><br>Defendants. | Case No.  2:10-CV-00489-DF<br><br>**JURY DEMANDED** |

§
§
§
§
§
§
§
§
§
§
§
§
§

## TOSHIBA INTERNATIONAL CORPORATION'S ANSWER TO EFFECTIVELY ILLUMINATED PATHWAYS, LLC'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant Toshiba International Corporation ("Toshiba") hereby files this Answer to the Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Effectively Illuminated Pathways, LLC ("EIP"). In answer thereto, Toshiba states as follows:

## ANSWER

## PARTIES

1.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, on that basis, denies those allegations.

2.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, on that basis, denies those allegations.

3.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, on that basis, denies those allegations.

4.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and, on that basis, denies those allegations.

5.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and, on that basis, denies those allegations.

6.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and, on that basis, denies those allegations.

7.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and, on that basis, denies those allegations.

8.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and, on that basis, denies those allegations.

9.      Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, on that basis, denies those allegations.

10.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, on that basis, denies those allegations.

11.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, on that basis, denies those allegations.

12.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, on that basis, denies those allegations.

13.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and, on that basis, denies those allegations.

14.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, on that basis, denies those allegations.

15.     Toshiba admits the allegations of Paragraph 15 of the Complaint.

**JURISDICTION AND VENUE**

16.     Toshiba admits that the Complaint purports to be an action under the patent laws of the United States and that this Court has subject matter jurisdiction over patent cases pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     Toshiba admits that venue is not improper in this Judicial District under Title 28, United States Code, §§ 1391 and 1400(b).  Toshiba admits that personal jurisdiction is minimally proper in this Court but denies that it has performed any act, in this Judicial District or

elsewhere, that directly or indirectly infringes any valid claim of the patent EIP asserts in this case.  Toshiba denies that venue is more convenient in this Judicial District than other judicial districts in the United States and reserves its rights to move for transfer.  Toshiba further denies that it has a regular and established place of business in this Judicial District.  Toshiba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint and, on that basis, denies those allegations.

18.     Toshiba admits that personal jurisdiction is minimally proper in this Court but denies that it has performed any act, in this Judicial District or elsewhere, that directly or indirectly infringes any valid claim of the patent EIP asserts in this case.  Toshiba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18 of the Complaint and, on that basis, denies those allegations.

**COUNT ONE: INFRINGEMENT OF U.S. PATENT NO. 6,580,228**

19.     Toshiba admits that U.S. Patent No. 6,580,228 ("the '228 patent") is entitled "Flexible Substrate Mounted Solid-State Light Sources for Use in Line Current Lamp Sockets" and lists June 17, 2003 as the issue date.  Toshiba admits that EIP attached a copy of the '228 patent as Exhibit A to the Complaint.  Toshiba is without sufficient knowledge or information either to admit or deny the remaining allegations of Paragraph 19 of the Complaint and, on that basis, denies the remaining allegations of Paragraph 19 of the Complaint.

20.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, on that basis, denies those allegations.

21.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, on that basis, denies those allegations.

22.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint and, on that basis, denies those allegations.

23.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint and, on that basis, denies those allegations.

24.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and, on that basis, denies those allegations.

25.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and, on that basis, denies those allegations.

26.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, on that basis, denies those allegations.

27.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, on that basis, denies those allegations.

28.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, on that basis, denies those allegations.

29.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint and, on that basis, denies those allegations.

30.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and, on that basis, denies those allegations.

31.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, on that basis, denies those allegations.

32.     Toshiba is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and, on that basis, denies those allegations.

33.     Toshiba denies that it has directly infringed, or is now directly infringing, any valid claim of the '228 patent in this Judicial District or elsewhere.  The remainder of the statements made in Paragraph 33 of the Complaint fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and Toshiba is therefore unable to respond to any other allegation, to the extent one exists, in Paragraph 33 of the Complaint.  On that basis, Toshiba is without sufficient knowledge to admit or deny the remainder of the statements made in Paragraph 33 of the Complaint.

34.     The statements made in Paragraph 34 of the Complaint fail to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), and Toshiba is therefore unable to respond to any allegation, to the extent one exists, in Paragraph 34 of the Complaint.  On that basis, Toshiba is without sufficient knowledge to admit or deny the statements made in Paragraph 34 of the Complaint.

35.     Toshiba denies that it has infringed any valid claim of the '228 patent in this Judicial District or elsewhere and further denies that any of its actions have harmed or will harm EIP.  Toshiba further denies that any of its actions have caused or will cause EIP to suffer monetary damages.  Toshiba denies that EIP will continue to suffer damages unless Toshiba is enjoined by the Court.  Toshiba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 35 of the Complaint and, on that basis, denies those allegations.

36.     Toshiba denies that it has infringed any valid claim of the '228 patent and that any of its actions have harmed or will continue to harm EIP.  Toshiba further denies that EIP is entitled to any relief in any form whatsoever from Toshiba, including injunctive relief.  Toshiba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36 of the Complaint and, on that basis, denies those allegations.

37.     Toshiba denies any and all allegations in the remainder of the Complaint, including any allegations in the Prayer for Relief (Paragraphs A-F) to the extent those allegations pertain to Toshiba.  Toshiba denies that EIP is entitled to any relief in any form whatsoever from Toshiba and specifically denies that EIP is entitled to any of the relief requested from Toshiba in the Prayer for Relief.

**DEMAND FOR JURY TRIAL**

38.     Toshiba admits that EIP demands a trial by jury on all issues so triable.

39.     Toshiba hereby demands a trial by jury on any issue so triable.


**AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that Toshiba bears the burden of proof as to any of the following affirmative defenses, based upon information and belief, Toshiba asserts the following affirmative defenses:

FIRST DEFENSE

40.     EIP has failed to state a claim upon which relief can be granted.

SECOND DEFENSE

41.     Toshiba has not directly or indirectly infringed, either literally or under the doctrine of equivalents, either individually or collectively, any valid claim of the '228 patent.

THIRD DEFENSE

42.     One or more claims of the '228 patent is invalid as anticipated under 35 U.S.C. § 102 and/or obvious under 35 U.S.C. § 103.

FOURTH DEFENSE

43.     One or more claims of the '228 patent is invalid because the specification does not comply with 35 U.S.C. § 112, first paragraph, and because the claims do not comply with 35 U.S.C. § 112, second paragraph.

FIFTH DEFENSE

44.     To the extent that any of EIP's allegations of infringement are construed or asserted to be allegations of infringement under the judicially-enunciated doctrine of equivalents,

on information and belief, all or some of EIP's claims for relief are barred by the doctrine of prosecution history estoppel.

## SIXTH DEFENSE

45.     On information and belief, EIP's claims for injunctive relief are barred because EIP has an adequate remedy at law.

## SEVENTH DEFENSE

46.     To the extent that EIP, and predecessors-in-interest to the '228 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Toshiba's actions allegedly infringed the '228 Patent, Toshiba is not liable to EIP for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '228 Patent.


## COUNTERCLAIMS

Counterclaim-Plaintiff Toshiba International Corporation ("Toshiba") alleges the following counterclaims against Counterclaim-Defendant Effectively Illuminated Pathways, LLC ("EIP").

## PARTIES

47.     Counterclaim-Plaintiff Toshiba is a California corporation having its principal place of business at 13131 West Little York Road, Houston, Texas, 77041.

48.     In its Complaint, EIP has alleged that it is a Texas Limited Liability Company with its principal place of business at 2500 Dallas Parkway, Suite 260, Plano, Texas, 75093.

## JURISDICTION AND VENUE

49.     These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

50.     By filing the Complaint and alleging infringement on the part of Toshiba, EIP has created a reasonable apprehension on the part of Toshiba that EIP will maintain this lawsuit against Toshiba or will initiate additional lawsuits against Toshiba for infringement of the '228 patent.  Such apprehension will persist even if EIP were subsequently to dismiss this lawsuit. For these reasons, an actual controversy within this Court's jurisdiction exists under 28 U.S.C. § 2201.

51.     As set forth in the Complaint and in the Answer to which this Counterclaim is appended, a justiciable controversy has arisen and exists between Toshiba and EIP concerning the validity and scope of the '228 patent and Toshiba's liability for any alleged infringement of the '228 patent.

52.     EIP has voluntarily submitted to the jurisdiction of the United States District Court for the Eastern District of Texas as a result of initiating the present action within this Court.  EIP is subject to personal jurisdiction in this judicial district for the purposes of Toshiba's counterclaims.

53.     Venue is proper in the United States District Court for the Eastern District of Texas as to EIP by virtue of EIP having filed its Original and Amended Complaints in this judicial district.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

54.     Toshiba incorporates by reference as if set forth fully herein the allegations in Paragraphs 47 through 53.

55.     Toshiba's activities do not and have not constituted infringement, either directly, contributorily, or by inducement of any valid and enforceable asserted claim of the '228 patent, either literally or under the doctrine of equivalents.

56.     Toshiba is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Toshiba has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '228 patent.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY)

57.     Toshiba incorporates by reference as if set forth fully herein the allegations in Paragraphs 47 through 53.

58.     By its Complaint, EIP alleges that the '228 patent is valid.  Toshiba denies these allegations and contends that one or more claims of the '228 patent is invalid, under 35 U.S.C. §§ 102, 103, and/or 112.  Consequently, there is an actual and justiciable controversy between Toshiba and EIP concerning the validity of the '228 patent.

59.     Toshiba is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that one or more claims of the '228 patent is invalid.

## PRAYER

WHEREFORE, Toshiba prays that the Court:

A.     Enter judgment in favor of Toshiba and against EIP on all claims in the

Complaint;

B.      Enter judgment that Toshiba has not directly infringed, contributorily infringed, or induced infringement of any valid and enforceable asserted claim of the '228 patent, and does not directly infringe, contributorily infringe, or induce infringement of any valid and enforceable asserted claim of the '228 patent;

C.      Enter judgment that one or more claims of the '228 patent, including at least those claims asserted against Toshiba, are invalid;

D.      Declare this case exceptional under 35 U.S.C. § 285 and award Toshiba its reasonable attorneys' fees; and

E.      Grant Toshiba such other and further relief as the Court may deem just and proper.

Dated:  February 7, 2011                    Respectfully submitted,

                                             _/s/ Scott F. Partridge___
                                            Scott F. Partridge
                                            Lead Attorney
                                            Texas Bar No. 00786940
                                            scott.partridge@bakerbotts.com
                                            Michael Hawes
                                            Texas State Bar No. 24010761
                                            michael.hawes@bakerbotts.com
                                            Robinson Vu
                                            Texas State Bar No. 24047046
                                            robinson.vu@bakerbotts.com
                                            BAKER BOTTS L.L.P.
                                            One Shell Plaza
                                            910 Louisiana Street
                                            Houston, TX  77002
                                            Telephone:  (713) 229-1234
                                            Facsimile:  (713) 229-1522

                                            **ATTORNEYS FOR DEFENDANT
                                            TOSHIBA INTERNATIONAL
                                            CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 7, 2011, a copy of the foregoing as served electronically, via CM/ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

/s/ Robinson Vu
Robinson Vu