IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EFFECTIVELY ILLUMINATED PATHWAYS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNBEATABLESALE.COM, INC., et al<br><br>Defendants. | CASE NO.  2:10-CV-00489-DF<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT AMAZON.COM, INC.'S ANSWER
TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Amazon.com, Inc. ("Amazon") answers the Complaint for Patent Infringement ("Complaint") filed in this action by Plaintiff Effectively Illuminated Pathways, LLC (hereinafter "Plaintiff" or "EIP") as follows:

1. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Amazon admits that its principal place of business in Seattle, Washington. Amazon denies the remaining allegations of paragraph 6 of the Complaint.

7. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

## JURISIDICTION AND VENUE

16. Amazon admits that Plaintiff purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Amazon

denies that Plaintiff has in fact stated a claim for patent infringement arising under the patent laws of the United States.  Amazon admits that this Court has subject matter jurisdiction over actions brought pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. Amazon denies the allegations of paragraph 17 of the Complaint that are directed at Amazon.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint insofar as they are directed at any other defendant.

18. Amazon admits that it offers items for sale and sells items through the website www.amazon.com to customers located throughout the world, including those located within the State of Texas and the Eastern District of Texas.  Amazon denies the remaining allegations of paragraph 18 of the Complaint that are directed at Amazon.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint insofar as they are directed at any other defendant.

19. Amazon admits United States Patent No. 6,580,228 ("the '228 patent" or "the Patent-In-Suit") is entitled "Flexible Substrate Mounted Solid-State Light Sources for Use in Line Current Lamp Sockets," that the '228 patent purports to have issued on June 17, 2003, and that what appears to be a true and correct copy of the '228 patent is attached as Exhibit A to the Complaint.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint.

20. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denied.

25. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint.

34.     Insofar as the allegations of paragraph 34 are directed at it, Amazon denies that it has infringed any valid claim of the '228 patent, willfully or otherwise.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint insofar as they are directed at any other defendant.

35.     Insofar as the allegations of paragraph 35 are directed at it, Amazon denies that it has infringed any valid claim of the '228 patent, that Plaintiff is entitled to recover any monetary relief and that Plaintiff is entitled to an injunction.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint insofar as they are directed at any other defendant.

36.     Insofar as the allegations of paragraph 36 are directed at it, Amazon denies that it has infringed any valid claim of the '228 patent and that Plaintiff is entitled to an injunction.  Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint insofar as they are directed at any other defendant.

## GENERAL DENIAL

Except as explicitly admitted herein, Amazon denies each and every allegation contained in Plaintiff's complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, Amazon denies each and every allegation.  Specifically, Amazon denies that Plaintiff is entitled to any such relief.  Amazon further denies that any conduct on its part subjects Amazon to liability for damages, a finding of willfulness, or attorneys' fees under 35 U.S.C. § 285.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint and as additional defenses thereto, Amazon asserts the following affirmative and other defenses, without admitting any allegation of the Complaint not otherwise admitted and without assuming the burden when such burden would otherwise be on Plaintiff.  Amazon reserves the right to assert any other defenses that its ongoing fact investigation or discovery may reveal, including any defenses that may be asserted by third parties utilizing Amazon's website in order to sell or offer to sell accused products.

### FIRST DEFENSE
### (Non-Infringement)

37. Amazon does not and has not infringed, either literally or under the doctrine of equivalents, directly, or indirectly, any valid and enforceable claim of the Patent-in-Suit.

### SECOND DEFENSE
### (Invalidity)

38. Each and every claim of the Patent-in-Suit is invalid for failure to meet the requirements of the U.S. patent laws, 35 U.S.C. §§ 100 et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

### THIRD DEFENSE
### (Prosecution History Estoppel)

39. The doctrine of prosecution history estoppel precludes a finding of infringement of any valid and enforceable claim of the Patent-in-Suit.

### FOURTH DEFENSE
### (Damages Limited)

40. Some or all of Plaintiff's claims for damages are statutorily barred, in whole or in part, based on 35 U.S.C. § 286 and/or § 287.

## FIFTH DEFENSE
### (Failure to State Sufficient Facts to Constitute Claims)

41. Plaintiff fails to state a claim upon which relief may be granted.

## SIXTH DEFENSE
### (Injunctive Relief Unavailable)

42. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## SEVENTH DEFENSE
### (Dedication to the Public)

43. Plaintiff has dedicated to the public any method, system, and/or product disclosed in the Patent-in-Suit but not literally claimed therein and is therefore estopped from claiming infringement by any such public domain method, system, and/or product.

## EIGHTH DEFENSE
### (Laches)

44. Plaintiff is barred by laches from obtaining relief for alleged infringement because it unreasonably and inexcusably delayed in asserting the Patent-in-Suit.

## NINTH DEFENSE
### (Failure to Mitigate Damages)

45. Plaintiff's claims are barred, in whole or in part, by its failure to mitigate damages.

## TENTH DEFENSE
### (No Standing)

46. Plaintiff does not have standing to bring an action for infringement of the Patent-in-Suit under the United States patent laws.

## ELEVENTH DEFENSE
### (License)

47. To the extent Plaintiff has licensed or otherwise authorized the sale, offer for sale or use of any accused product, Plaintiff's infringement claim is barred and Amazon's conduct that allegedly forms the basis of Plaintiff's claim is authorized.

## **PRAYER FOR RELIEF**

WHEREFORE, as to the Complaint, Amazon prays that judgment be entered in its favor:

a. Dismissing the Complaint in its entirety with prejudice, and awarding Plaintiff no compensation or remedy of any kind or nature;

b. Determining that the Patent-in-Suit is not willfully or otherwise infringed by Amazon, and that Amazon has not contributed to or induced the infringement of the Patent-in-Suit;

c. Determining that the Patent-in-Suit is invalid;

d. Determining that Plaintiff is not entitled to any damages, and any claim by Plaintiff to damages is additionally barred or limited by the provisions of 35 U.S.C § 287 and one or more of the other affirmative defenses;

e. Denying Plaintiff's request for injunctive relief;

f. Awarding Amazon its attorneys' fees and costs; and

g. Awarding Amazon such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 9, 2011    By:    */s/    Robert T. Cruzen*
Robert T. Cruzen (Oregon State Bar No. 080167)
robert.cruzen@klarquist.com
James E. Geringer (Oregon State Bar No. 951783)
james.geringer@klarquist.com

KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon  97204
Telephone:  (503) 595-5300
Facsimile:  (503) 595-5301

*Attorneys for Defendant Amazon.com, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 9, 2011, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                              */s/*     Xavier A. Clark
                                                   Xavier A. Clark